IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joe Dee Couch, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:23-cv-6100-BHH |
| v. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Joe Dee Couch's ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for pretrial proceedings.

On January 22, 2024, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. In summary, the Magistrate Judge determined that the discretionary function exception to the Federal Tort Claims Act bars Plaintiff's claim. Attached to the Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy of the Report. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. Accordingly, **the Court adopts the Magistrate Judge's Report (ECF No. 31) and hereby dismisses this action without prejudice, without leave to amend, and without issuance and service of process.**

**IT IS SO ORDERED.**

                                                s/Bruce H. Hendricks
                                                United States District Judge

February 13, 2024
Charleston, South Carolina